UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOKHEAN KEO, | No. 1:26-cv-01192-DJC-CSK |
| Petitioner, | |
| v. | ORDER |
| CHIRSTOPHER CHESTNUT, et al., | |
| Respondents. | |

Before the Court is a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) filed by a noncitizen who has been detained by Immigration and Customs Enforcement ("ICE") for thirty-seven months pursuant to 8 U.S.C. § 1226(c)(1). During this time, Petitioner has never received a bond hearing nor any other individualized assessment of whether he presents a risk of flight or danger to the community. For the reasons stated below, the Court finds Petitioner is entitled to a bond hearing.

## BACKGROUND

Petitioner is a noncitizen who entered the United States in 1984, when he was seven years old. (Mot. at 2.) In 1999, Petitioner was convicted of conspiracy to commit home invasion robbery, attempted home invasion robbery, and shooting a

1

firearm at an occupied dwelling. (Opp'n (ECF No. 9) at 2.) For these convictions, Petitioner served nearly twenty-five years in prison. (Mot. at 2–3.) Upon his release from the California City Correctional Facility in January of 2023, Petitioner was immediately detained by ICE pursuant to 8 U.S.C. § 1226(c)(1)(B), which requires detention of anyone who is "deportable by reason of having committed" certain designated offenses. (8 U.S.C. § 1226(c)(1)(B); Opp'n at 2; Mot. at 3.) Nearly a year and a half later, Petitioner appeared before an Immigration Judge for a hearing on his applications for adjustment of status, asylum, and deferral of removal under the Convention Against Torture. (Opp'n at 2; Opp'n, Ex. 4 at 18, Ex. 5.) The Immigration Judge denied Petitioner's applications for relief from removal and ordered Petitioner removed. (Opp'n, Ex. 5 at 1–2.) Petitioner timely appealed that order, first to the Board of Immigration Appeals ("BIA"), and then to the Ninth Circuit. (Opp'n at 3.) To date, Petitioner has been detained pursuant to 8 U.S.C. § 1226(c) for thirty-seven months without a bond hearing. (Pet. ¶¶ 72–73.)

## DISCUSSION

Petitioner argues his thirty-seven-month detention without a bond hearing violates the Due Process Clause. (Pet. ¶ 72.)

This Court has previously joined other district courts in concluding that the prolonged and indefinite detention of noncitizens pursuant to statutes mandating detention without a bond hearing can violate the Due Process Clause. *See Mohammed v. Warden of Cal. City Det. Ctr.*, No. 1:26-cv-00118-DJC-CSK, 2026 WL 192368 (E.D. Cal. Jan. 26, 2026); *K C v. Chestnut*, No. 1:26-cv-00227-DJC-CSK, 2026 WL 412505 (E.D. Cal. Feb. 13, 2026); *see also Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-00098-SAB, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) (explaining that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will–at some point–violate the right to due process") (quoting *Martinez v. Clark*, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May

23, 2019), *report and recommendation adopted*, No. 2:18-cv-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019)).  While this Court's prior orders addressed the claims of individuals detained pursuant to 8 U.S.C. § 1225(b), section 1226(c) also mandates indefinite detention without a bond hearing and thus can similarly contravene the Due Process Clause.

Though the Government argues the Supreme Court's decision in *Demore v. Kim*, 538 U.S. 510 (2003) sanctions Petitioner's detention under 1226(c), the Government also acknowledges *Demore*'s understanding that such detention "normally lasts for a 'limited period' of time."  (Opp'n at 5 (quoting *Demore*, 528 U.S. at 531).)  Specifically, the Supreme Court stated that "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the [noncitizen] chooses to appeal."  *Demore*, 528 U.S. at 530.  In contrast, in cases where the length of detention far exceeds the limited period addressed in *Demore*, "district courts throughout this circuit have ordered immigration courts to conduct bond hearings for noncitizens held for prolonged periods under § 1226(c)."  *Martinez v. Clark*, 36 F.4th 1219 (9th Cir. 2022), *cert. granted, judgment vacated on other grounds*, 144 S. Ct. 1339 (2024).  Although the Ninth Circuit has not decided that question, it has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."  *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018).  This Court shares those doubts and thus joins other courts in this Circuit in finding the prolonged and indefinite detention of noncitizens under section 1226(c) without a bond hearing can violate the Due Process Clause.

To determine if Petitioner's due process rights have been violated by his thirty-seven-month detention without a bond hearing, the Court must answer two questions: "the first asks whether there exists a protected liberty interest under the Due Process

Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025).

Petitioner has a clear liberty interest in securing his freedom from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Petitioner was initially detained in January of 2023 and has remained in custody for the thirty-seven months since. (Pet. ¶ 72.) Further, Petitioner faces indefinitely prolonged detention while judicial review of his asylum claim plays out. As Petitioner has been deprived of the liberty secured by the Due Process Clause and this deprivation may continue for a protracted and indefinite period, Petitioner has established his liberty interest. *See Zadvydas*, 533 U.S. at 690, 693.

Having established that Petitioner has a protected liberty interest, the Court must determine whether Petitioner is now due process under the Constitution. Courts in this Circuit weigh the following factors to ascertain when prolonged detention violates the Due Process Clause: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made him removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal." *Martinez*, 2019 WL 5968089, at *7.

First, the "length of detention, which is the most important factor," weighs overwhelmingly in Petitioner's favor as Petitioner has been detained for over thirty-seven months. (*Id.* at *9; Pet. ¶ 72.) This length of time is over triple the length other courts have found warrants a bond hearing under the Due Process Clause. *See, e.g.*, ////

4

*Lopez v. Garland*, 631 F. Supp. 3d 870, 879–80 (E.D. Cal. 2022) (finding fact that detention spanned twelve months weighed in favor of granting bond hearing).

The second factor weighs slightly in Petitioner's favor.  Petitioner is relatively far along in his appeal process as the BIA has already rejected Petitioner's appeal and the Ninth Circuit has set argument on the appeal of that decision for May 2026.  (Pet. ¶ 38.)  However, as other district courts have noted, the Ninth Circuit may not decide his case for an "additional three months to a year."  *Hong v. Mayorkas*, No. 2:20-cv-01784-LK, 2022 WL 1078627, at *7 (W.D. Wash. Apr. 11, 2022).  This factor thus weighs in Petitioner's favor as, even with an argument date set, the length of his future detention remains indefinite and may span several more months.  *See Durand v. Allen*, No. 3:23-cv-00279-RBM-BGS, 2024 WL 711607, at *5 (S.D. Cal. Feb. 21, 2024) (finding this factor weighed in Petitioner's favor even a month after argument on Ninth Circuit appeal had occurred).

The third factor and fourth factors weigh in the Government's favor as Petitioner was convicted of serious crimes and his current detention does not outlast the approximately twenty-five year sentence he served.  (Keo Decl. (ECF No. 2-1) ¶ 15; *see Martinez*, 2019 WL 5968089, at *9.)

The fifth factor weighs heavily in Petitioner's favor.  "The more that the conditions under which the [non-citizen] is being held resemble penal confinement, the stronger [the] argument that he is entitled to a bond hearing."  *Gomez v. ICE Field Off. Dir.*, No. 2:25-cv-02242-TL-TLF, 2026 WL 449536, at *5 (W.D. Wash. Jan. 27, 2026), *report and recommendation adopted sub nom. Osuna Gomez v. ICE Field Off. Dir. & Facility Adm'r*, No. 2:25-cv-02242-TL-TLF, 2026 WL 447409 (W.D. Wash. Feb. 17, 2026) (alterations in original).  Petitioner has submitted undisputed evidence about the inadequate medical care he has received while detained.  (*See* Keo Decl. ¶¶ 23–30.)  The California City detention center has denied Petitioner consistent access to medication previously prescribed at Mesa Verde for Petitioner's kidney disease, colitis, and anxiety.  (*Id*. ¶¶ 25–26.)  Upon transfer, the California City

detention center staff also confiscated and did not return a brace for Petitioner's broken finger and knee braces for his arthritis. (*Id.* ¶¶ 27–28.) Petitioner was previously "incarcerated at this same facility when it was a state prison" and states that "the conditions at California City are actually worse than they were" then. (*Id.* ¶ 20.) Thus, this factor weighs strongly in Petitioner's favor. *Zagal-Alcaraz v. ICE Field Off.*, No. 3:19-cv-01358-SB, 2020 WL 1862254, at *5 (D. Or. Mar. 25, 2020), *report and recommendation adopted sub nom. Zagal-Alcaraz v. ICE Field Off. Dir.*, No. 3:19-cv-01358-SB, 2020 WL 1855189 (D. Or. Apr. 13, 2020) (weighing this factor in Petitioner's favor when Petitioner's "conditions of confinement are indistinguishable from criminal incarceration").

The sixth and seventh factors are neutral. In assessing whether petitioners contributed to the delay, courts distinguish between "legitimate defenses" to removal, which "cannot undermine [a petitioner's] claim that detention has become unreasonable," and "dilatory" or "bad faith" tactics to "deliberately slow the proceedings." *Martinez*, 2019 WL 5968089, at *10 (collecting cases); *see also Abduraimov v. Andrews*, No. 1:25-cv-00843-EPG-HC, 2025 WL 2912307, at *9 (E.D. Cal. Oct. 14, 2025). The Government does not identify any steps Petitioner took in bad faith to delay his removal proceedings but rather asserts that such delays stem solely from Petitioner's choice to pursue "numerous legal steps to prevent removal." (Opp'n at 4 n.3.) Such choices include Petitioner's requests for continuances of his removal proceedings during the year United States Citizenship and Immigration Services took to adjudicate an I-130 family-based petition filed by Petitioner's son and his decision to appeal both the Immigration Judge and the BIA's orders. (*Id.*; Mot. at 12.) However, the "fact that Petitioner chose to pursue the Form I-130 and requested continuances to further that application does not deprive him of a constitutional right to due process." *Lopez*, 631 F. Supp. 3d at 882 (E.D. Cal. 2022) (quoting *Henriquez v. Garland*, No. 5:22-cv-00869-EJD, 2022 WL 2132919, at *5 (N.D. Cal. June 14, 2022)). Petitioner's appeals to the BIA and the Ninth Circuit are similarly proper avenues for

relief Petitioner is entitled to pursue. *See Masood v. Barr*, No. 19-cv-7623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2022) (observing that it "ill suits the United States to suggest that he could shorten his detention by giving up these rights [to appeal] and abandoning his asylum application").

Finally, the eighth factor is neutral. The Court lacks sufficient information to assess the likelihood that Petitioner's removal proceedings will result in a final order of removal and, therefore, declines to do so. *See Sarr v. Scott*, 765 F. Supp. 3d 1091, 1109 (W.D. Wash. 2025) (declining to speculate as to the merits of Petitioner's appeal to the Ninth Circuit after the Immigration Judge and the BIA found Petitioner removable).

The balance of these factors supports Petitioner as three factors, including the most important one, the length of Petitioner's detention, weigh in Petitioner's favor while only two weigh in the Government's favor. Having established Petitioner has a liberty interest and determined that his prolonged and indefinite detention warrants process, the Court finds Petitioner is entitled to a bond hearing.

Respondents' attempt to cast Petitioner's 2024 "detention review" as sufficient individualized assessment to satisfy due process is unpersuasive. (*See* Opp'n at 3.) While detained pursuant to section 1226(c), Petitioner sought parole pursuant to 8 C.F.R. § 212.5. (*Id.*) However, as Respondents highlight, Petitioner was denied parole solely because he is "subject to mandatory detention pursuant to INA § 236(c)." (*Id.* at 2.) The determination that Petitioner was subject to mandatory detention under section 1226(c) does not include an assessment of whether he currently presents a risk of flight or danger to the community such as to warrant his prolonged detention.

## CONCLUSION

As neither party objects to this Court ruling on the merits of the underlying Petition (*see* ECF No. 6), the Court does so here. Accordingly, IT IS HEREBY ORDERED that:

*////*

7

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to the second cause of action.[1]

2. Within seven (7) days of this Order, Petitioner shall be afforded a constitutionally adequate bond hearing before an Immigration Judge. At this hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present.[2]  In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the Immigration Judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez*, 872 F.3d at 1000.

3. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **March 17, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Keo26cv01192.merits

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

[2] This burden of proof has been regularly applied by courts reviewing similar cases, and the Court adopts the views of those courts here.  *See, e.g.*, *Pablo Sequen v. Albarran*, --- F.Supp.3d ----, 2025 WL 2935630, at *13–14 (N.D. Cal. Oct. 14, 2025); *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035-JLT-HBK, 2025 WL 2495767, at *13–14 (E.D. Cal. Aug. 28, 2025); *Castellon v. Kaiser*, No. 1:25-cv-00968-JLT-EPG. 2025 WL 2373425, at *11–12 (E.D. Cal. Aug. 14, 2025).